UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN ADAM HARKINS, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANK BISIGNANO, [1] | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Plaintiff John Harkins appeals the Social Security Administration's denial of his claim for Supplemental Social Security Income ("SSI") and Child's Insurance Benefits ("CIB"). [Record No. 10]  He contends that the Administrative Law Judge ("ALJ") assigned to his case erred in denying oral testimony from Harkins' guardian and by failing to find that he met the criteria in listing 12.05 for intellectual disorders.  *Id.*   After reviewing the record and considering the parties' arguments, the undersigned concludes that the ALJ's decision is supported by substantial evidence.   Therefore, the Commissioner's motion for judgment [Record No. 12] will be granted while Harkins' motion [Record No. 10] will be denied.

**I.**

Harkins filed applications for SSI under Title XVI of the Social Security Act ("Act") and CIB (based on disability) under Title II of the Act in April 2022.  [Record No. 8, Transcript

---

[1]  Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit.

("Tr.") at 16, 181–91] Those applications alleged that he has been disabled since experiencing a brain injury in October 2013 at nine years of age. *Id.* at 16, 61, 71. His applications were denied at the state-level agency and, again, following a hearing before an ALJ. *Id.* at 32–108. The ALJ issued a decision in January 2024, concluding that Harkins was not disabled. *Id.* at 13–31. More specifically, the ALJ determined that, despite severe mental impairments, Harkins did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18–22.

Concerning Harkins' Residual Functional Capacity ("RFC"), the ALJ concluded he could: (1) understand, remember and carry out simple instructions and use judgment to make simple work-related decisions; (2) maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; (3) manage and tolerate occasional changes in a routine work setting; (4) adapt to the pressures of simple routine work; (5) perform simple routine repetitive tasks within an object-focused environment; and (6) interact occasionally with supervisors and coworkers, but never interact with the general public. *Id.* at 22. Harkins was found not to be disabled because his vocational profile and RFC indicated he could perform work that exists in significant numbers in the national economy. *Id.* at 25–26.

The Appeals Council denied Harkins' request for review. *Id.* at 1–6. The matter is ripe for judicial review pursuant to 42 U.S.C. § 405(g).[2]

---

[2] Harkins did not file a reply within the allotted time.

## II.

A "disability" under the Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). The Act allows the payment of disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining age twenty-two. 20 C.F.R. § 404.350(a)(5). A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).

In determining whether a claimant is "disabled," a claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant makes that showing, the ALJ must then determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. If the ALJ makes that determination, then the claimant is disabled. But if not, the ALJ proceeds to step four.

At step four, the ALJ determines the claimant's RFC and relevant past work to determine whether he can perform his past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant's impairments prevent him from doing past work, the ALJ will consider his RFC, age, education, and past work experience to determine whether he can perform other work under the fifth step of the

- 3 -

analysis. If he cannot perform other work, the ALJ will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In addition, a reviewing court does not conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714. And substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

### III.

Harkins first challenges the ALJ's decision directing his guardian to file an affidavit for consideration rather than allowing the guardian's testimony during the hearing. [Record No. 10-1 at 4] He asserts that this was error because he was "not competent to provide reliable testimony in the hearing," and therefore, his guardian should have been permitted to testify. *Id.* Harkins further contends that the ALJ never cited or discussed the guardian's affidavit in its decision. *Id.* But the Commissioner argues that the ALJ did not err in not specifically

referencing the affidavit, especially considering that it tracked nearly verbatim with Harkins' testimony.  [Record No. 12 at 8]  And thus, if error were conceded (for the sake of argument), it would be harmless, nonetheless.  *Id.*

Harkins identifies no legal basis for his claim that the ALJ acted improperly by allowing his guardian to submit an affidavit rather than present live testimony.  An affidavit, much like testimony, consists of sworn statements while under oath.  Additionally, Harkins points to no prejudice he faced by the ALJ allowing one over the other.

Concerning Harkins' contention that the ALJ never discussed or cited the affidavit in his decision, even if that were error—it was harmless.  As the Commissioner aptly outlines, the content of Harkins' testimony and his guardian's affidavit are redundant .  [*See* Record No. 12 at 8 (listing and citing the similarities).]  For this reason, any error would be harmless because the affidavit provided no new information for the ALJ to discuss beyond what Harkins offered.  *Page v. Comm'r of Soc. Sec.*, No. 2:21-cv-00166, 2022 WL 4455975, at *7 (E.D. Tenn. Sept. 23, 2022) (collecting cases "in the Sixth Circuit [where courts] have found harmless error when an ALJ fails to discuss third-party reports or statements that are repetitive of the plaintiff's assertions").  Further, Harkins does not argue that his testimony was somehow inconsistent with the affidavit.

And just because the ALJ did not specifically cite the affidavit, that does not mean it was not considered as part of the whole record.  *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (noting "an ALJ's failure to cite to specific evidence does not indicate that it was not considered") (citation omitted); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (quoting *Loral Defense*

- 5 -

*Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).  In any event, "this Court may review [the affidavit], in its consideration of the record as a whole, to determine if the ALJ's decision was based on substantial evidence."  *Simons*, 114 F. App'x at 733 (6th Cir. 2004) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)).

Disagreement with the ALJ's decision does not mean it is not supported by substantial evidence.  Indeed, the Court must affirm the ALJ even where there is substantial evidence that could support the opposite conclusion than the one the ALJ reached.  *Ulman*, 693 F.3d at 714.

Harkins next challenges the ALJ's step three determination that his impairments did not qualify for intellectual disorder under listing 12.05.  [Record No. 10-1 at 4–6] The Commissioner insists that the ALJ's decision was based on substantial evidence and that Harkins failed to meet his burden that his impairments met listing 12.05.  [Record No. 12 at 1–2]

Listing 12.05 for intellectual disorders can be satisfied by paragraphs A or B.  [Tr. at 21]  Harkins does not challenge the ALJ's determination that he did not qualify under paragraph A "because the record does not support the inability to participate in testing or the degree of adaptive deficits in functioning as set out in part 2."  *Id.*; *see generally* Record No. 10-1.  Harkins, however, does contest the ALJ's conclusion that he did not meet criteria under paragraph B.  [Record No. 10-1 at 5–6]

> Paragraph B requires the following:
> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>      a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>      b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; *and*

2. Significant deficits in adaptive functioning currently manifested by an extreme limitation of one, or marked limitation of two, in the following areas of mental functioning:
      a. Understand, remember, or apply information (see 12.00E1); or
      b. Interact with others (see 12.00E2); or
      c. Concentrate, persist, or maintain pace (see 12.00E3); or
      d. Adapt or manage oneself (see 12.00E4); *and*
3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

[Tr. at 21–22(emphasis added)]

Because "and" is conjunctive, all three of these requirements must be met to satisfy paragraph B.  The ALJ concluded that Harkins did not meet these requirements "because, among other reasons, there are no such significant deficits in adaptive functioning, as set out in the Paragraph B criteria discussion above or the medical evidence of record, discussed below."  *Id.* at 22.  Harkins insists that he satisfies this paragraph because he "has a Full-Scale IQ between 71 and 75; . . . he has significant deficits with at least marked limitations in understanding, remembering, and applying information, interacting with others, concentration, persistence, and pace, and the ability to adapt and manage himself"; and his "intellectual and adaptive function began well prior to the attainment of age 22."  [Record No. 10-1 at 5]

However, as the Commissioner correctly points out, Harkins did not satisfy paragraph B(1) because his "full scale IQ score fell within the range of 71-75, [but] he did not score a 70 or below in verbal comprehension or any other category of testing."  [Record No. 12 at 7 (citing Tr. at 676)]  That alone is a sufficient basis for the ALJ's determination considering that provisions 1, 2, *and* 3 must be satisfied to meet the listing in paragraph B.  Thus, the undersigned declines to analyze the remaining provisions.

**IV.**

As noted previously, a reviewing court does not try the case *de novo* and even if the court would resolve the dispute differently, "the Commissioner's decision must stand if supported by substantial evidence." *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). In this case, the ALJ's opinion is supported by ample evidence and consideration of all material facts. The Court doest re-weigh the evidence in a manner such as to come to a different conclusion—even one which the evidence could have supported.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.    Plaintiff John Harkins' motion for judgment [Record No. 10] is **DENIED**.

2.    Defendant Commissioner of Social Security's motion for judgment [Record No. 12] is **GRANTED**.

3.    This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 29, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky